**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4108**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BRENT GARDNER,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Margaret B. Seymour, District Judge. (5:05-cr-01156-MBS-1)

Submitted: March 25, 2009        Decided: April 10, 2009

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kenneth M. Mathews, Columbia, South Carolina, for Appellant. Mark C. Moore, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brent Gardner pled guilty pursuant to a written plea agreement* to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006), and was sentenced to 235 months in prison. Gardner timely appealed.

Counsel for Gardner filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court properly conducted Gardner's guilty plea hearing and denied a reduction in sentence for acceptance of responsibility. Gardner filed a pro se brief raising two issues. Finding no reversible error, we affirm.

In the absence of a motion to withdraw a guilty plea in the district court, we review for plain error the adequacy of the guilty plea proceeding under Fed. R. Crim. P. 11. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our examination of the record shows that the district court fully complied with the requirements of Rule 11. Gardner's plea was

---

* Gardner's plea agreement contained a waiver of appellate rights. However, because the Government does not invoke the waiver, we decline to enforce it. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (where Anders brief is filed, "the government is free to file a responsive brief raising the waiver issue (if applicable) or do nothing, allowing this court to perform the required Anders review").

knowingly, voluntarily and intelligently entered, and supported by a factual basis. We therefore find no error, let alone plain error.

Gardner next contends the district court erred when it refused to deduct three levels from his guidelines calculation for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1 (2007). As a condition of his plea agreement, Gardner agreed to provide full, complete, and truthful information about all unlawful activities. However, Gardner failed to give the Government truthful information and failed a polygraph test concerning relevant conduct. In view of Gardner's untruthfulness, the district court did not err when it refused to reduce his offense level for acceptance of responsibility. See USSG § 3E1.1 cmt. 1(a) ("In determining whether a defendant qualifies [for the reduction], appropriate considerations include . . . truthfully admitting or not falsely denying any . . . relevant conduct . . . .").

Finally, we have reviewed Gardner's pro se supplemental brief and find the issues raised therein to lack merit. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Gardner, in writing, of the right to petition the Supreme Court of the United States for further

review.  If Gardner requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Gardner.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED